LOUISA M. CORCORAN *vs.* RHODE ISLAND HOSPITAL TRUST COMPANY, *Ex.*

MARCH 4, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity brought by Louisa M. Corcoran to compel the respondent to deliver up to her a certain promissory note and to discharge a mortgage securing the same which said respondent holds as coexecutor under the last will and testament of William H. Corcoran, late of the city of Providence, deceased, a brother of the complainant. The bill further prays that said respondent be directed and ordered to omit said note and mortgage from its account, final or otherwise, which it may file in the probate court as said coexecutor; that said respondent be en-

joined from seeking to enforce said note and mortgage, and that complainant may be granted further relief as the nature of her case shall require and to the court shall seem meet and just.

The cause was heard by a justice of the superior court on bill, answer and proof, and thereafter a decree was entered granting the relief prayed for. The respondent duly filed its claim of appeal from said decree and has prosecuted its reasons of appeal to this court.

The evidence shows that the complainant owned two parcels of improved real estate situated on School and Valley streets in the city of Providence, which she inherited from her father who died intestate many years before the bringing of this suit; that on February 13, 1928, she mortgaged this real estate to the Rhode Island Hospital Trust Company to secure a loan of $4000 evidenced by her promissory note for that sum; that payments were made down to June 2, 1931 in reduction of the principal of this mortgage, which reduced it to $3700, as of that date; that on said June 2, 1931, this note and mortgage were transferred without recourse by the mortgagee to William H. Corcoran, complainant's brother, and that said note and mortgage were found in his personal safe deposit box at the bank after his death.

The evidence further discloses that on the same day on which William took this transfer he wrote in his own handwriting and gave to his sister, the following instrument:

"Providence, R. I. June 2, 1931.

I agree to give to Louisa M. Corcoran any equity I may have in mortgage on property at 69 Valley St., 26 & 28 School St. if my death takes place before hers.
William H. Corcoran."

These two people had lived under the same roof all their lives, together, and the complainant kept the house for them. The deceased managed and controlled the complainant's real estate and apparently made no real accounting to the

complainant of the rents which he collected from said real estate. The complainant was about sixty-five years of age at the time of the hearing in the superior court. She was a public school teacher but had retired sometime in 1932, about a year before her brother William died.

In 1927 William was seriously injured in an automobile accident and required treatment in the hospital. While in the hospital, he made his will, in which he nominated and appointed the complainant and the respondent as coexecutors. After his release from the hospital, he returned to live with the complainant who nursed and cared for him while he was recovering from his injuries. The complainant nursed him without assistance, in addition to performing as usual all her household duties.

On the evidence the trial justice found that the complainant was entitled to relief. In doing so, he briefly commented upon salient portions of the testimony which showed the mutually dependent and confidential relationship existing between the complainant and her brother and the mutual financial dealings between them with reference to the property and the mortgage in question, and the rendition by complainant of valuable services to her brother continuously to the date of his death. From all of the facts and dealings and conduct of the complainant and her brother, the trial justice concluded there was sufficient consideration to support the agreement which the complainant seeks, in effect, to have performed.

We cannot say that the findings of fact by the trial justice on the evidence before him are clearly wrong. In our opinion this bill is, in substance, a bill for specific performance of an agreement and is somewhat similar to the situation presented in *Spencer* v. *Spencer,* 25 R. I. 239. See also *Sword* v. *Keith,* 31 Mich. 247.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*Sisson & Fletcher,* for complainant.

*McKiernan, McElroy & Going, Edward F. McElroy, Patrick J. McElroy,* for respondent.